# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-751v
(Unpublished)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * *  *<br>K.T. and K.T., *parents and natural guardians*  *<br>*of CT, a minor*  *<br> *<br>         Petitioners,  *<br> *<br>v.  *<br> *<br>SECRETARY OF HEALTH AND  *<br>HUMAN SERVICES,  *<br> *<br> *<br>         Respondent.  *<br>* * * * * * * * * * * * * * * * * * * * * * * * * *  *<br> * | Special Master Katherine E. Oler<br>Filed: April 12, 2019<br><br><br>Petitioner's Motion for a Decision;<br>Dismissal of Petition; Vaccine Act. |

*Robert J. Krakow*, Law Office of Robert J. Krakow, New York, NY, for Petitioner.

*Camille M. Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

On June 6, 2017, K.T. and K.T., as parents and natural guardians of CT, a minor, ("Petitioners") filed a petition[2] for compensation under the National Vaccine Injury Compensation Program,[3] alleging that their son, CT, suffered injuries that led to egg and pea allergies as a result

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] This petition was initially assigned to Special Master Moran on June 7, 2017 and was re-assigned to my docket on January 29, 2018.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

of the Hepatitis B and pneumococcal conjugate vaccinations he received on February 13, 2015 and the DTaP-Hib-IPV (Pentacel) and separate Hib vaccinations he received on August 24, 2015. Petition at 1, ECF No. 1.  Petitioners filed their statement of completion on August 28, 2017. ECF No. 21.

On January 8, 2018, Respondent filed a Rule 4(c) Report ("Respondent's Report"). ECF No. 26.  Respondent stated that Petitioners had not satisfied their burden of proof, specifically noting that Petitioners failed to establish the nature of CT's injuries and a causal relationship between any injuries and CT's vaccinations.  *Id*. at 12-13.  Respondent concluded that "[P]etitioners have not demonstrated entitlement to compensation under the terms of the Act." *Id*. at 13.

Following Respondent's Report, Petitioners were given more than one year to retain an expert and file a report in support of their petition.  Petitioners moved for and were granted a total of six extensions to file an expert report.  On April 2, 2019, I held a status conference via telephone with the parties to discuss Petitioners' progress.  Following the call, Petitioners filed the instant motion to dismiss their claim on April 11, 2019, indicating that "[an] investigation of the facts, the available medical testing, the state of the science supporting [P]etitioners' case, and [P]etitioners' review of the case decisions of the Office of Special Masters, the United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit, have demonstrated to [P]etitioners that they will be unable to prove that [P]etitioners are entitled to compensation in the Vaccine Injury Compensation Program." *See* Petitioners' Motion for a Decision Dismissing the Petition, ECF No. 41.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioners to meet their burden of proof.  Petitioners' claim therefore cannot succeed and, in accordance with their motion, must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                             /s/ **Katherine E. Oler**
                                                             Katherine E. Oler
                                                             Special Master